**THE HONORABLE KAREN A. OVERSTREET**
Hearing Date: July 29, 2010
Hearing Time: 9:30am
Hearing Location: Judge's Courtroom
700 Stewart, #7106
Seattle WA, 98101
Response Date: July 22, 2010

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re: ) No. 10-15781- KAO
)
MICHAEL REID MOI, ) **OBJECTION TO DEBTOR'S**
) **CHAPTER 13 PLAN AND MOTION**
Debtor. ) **TO CONTINUE CONFIRMATION**
) **HEARING**
)
) Noted For: July 29, 2010
) Oral Argument Requested
)

COMES NOW Creditor Doug Kruger and presents the following objection to Debtor Michael Moi's Chapter 13 plan and motion to continue confirmation hearing.

## I. RELIEF REQUESTED

Creditor Doug Kruger "Kruger" hereby objects to Debtor Michael Reid Moi's Chapter 13 Plan as Debtor is not eligible for Chapter 13 bankruptcy and respectfully moves this Court to continue the confirmation for 60 days as Kruger retains local bankruptcy counsel.

## II. FACTS

Debtor Michael Reid Moi filed a petition for Chapter 13 Bankruptcy on May 20, 2010. The undersigned attorney for creditor Doug Kruger received notice of Moi's petition for bankruptcy shortly thereafter and filed a notice of appearance on behalf of Doug Kruger. **Exhibit 1** to the Declaration of Rick J Wathen (Wathen Decl.).

On or about June 28, 2010, the Bankruptcy Trustee filed an objection to Mr. Moi's

**Objection to Confirmation**
**and Motion to Continue- 1**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

confirmation plan and moved to dismiss this case. *See Dkt. No.* 25. The primary basis of the Trustee's motion was that the petitioner had "noncontingent, liquidated, unsecured debts" over the jurisdiction limit in a Chapter 13 petition pursuant to 11 USC § 109 (e). *Id.* Specifically, Debtor listed $942,776.95 in nonpriority unsecured claims. *See, Schedule F, Filed May 20, 2010,* attached as **Exhibit 2** to Wathen Decl.

In response to the Trustee's objection, on July 6, 2010, Debtor filed amended schedules relating to his liabilities. *See, Dkt. No.* 30. Debtor's unsecured nonpriority liabilities suddenly went from $942,776.95 to $59,999, with no apparent explanation. *See, Original versus Amended Summary of Schedules,* attached to the Wathen Decl. as **Exhibits 3** and **4** respectively. His secured debts went from $612,927 to $692,927. *Id.* The apparent basis for the change of his secured debt was that he was now listing an $80,000 judgment obtained in favor of Kruger as secured. *See, Schedule D* of *Debtor's Amended Schedules.*

The Trustee withdrew its objection on or about July 7, 2010. *See, Docket.*

Debtor then resubmitted his Chapter 13 Plan. A copy of the Plan was sent via mail to counsel for Kruger and received on July 9. **Exhibit 5** to Wathen Decl. Despite the substantial and inexplicable changes, Debtor's Chapter 13 plan appears the same. *Id.*

Kruger's objections follow.

### III. ARGUMENT AND AUTHORITY

**A. The Debtor is Not Eligible for Chapter 13 Bankruptcy**

**1. Debtor Must List All Assets and Liabilities and File Plan in Good Faith**

The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 , 785 (9th Cir. 2001) (citing 11 U.S.C. § 521(1)). It is also required that debtor's Chapter 13 Plan and petition be proposed in good faith. *See,* 11 U.S.C. § 1325(a)(3) and (7). Debtor has failed to list all of his assets and file his Plan and petition in good faith. For instance, Debtor has

**Objection to Confirmation and Motion to Continue- 2**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

not listed the $214,903.56 judgment against him. See, **Exhibit 6** to Wathen Decl.

Debtor is not eligible for Chapter 13 bankruptcy. He did not accurately list his assets and debts or submit his plan in good faith.

**2. The Debtor's Unsecured Nonpriority Claims Exceed Jurisdiction Limits**

The Debtor is ineligible for Chapter 13 bankruptcy because original filing indicates that he has unsecured debts above the jurisdictional limit pursuant to 11 USC § 109 (e). See, Schedule F attached as **Exhibit 2** to Wathen Decl. Specifically, he has debts in at least the amount of $942,776.95 in nonpriority unsecured claims. Id.

As noted by the trustee, a determination of Chapter 13 eligibility under § 109(e) is normally determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith. Scovis v. Henrichsen, 249 F.3d 975, 982 (9th Cir. 2001). Moreover, "ordinary events occurring subsequent to filing (e.g. paying down debt) do not affect the eligibility determination." Id. at 983. In addition, disputed debt is to be considered when calculating the total for eligibility purposes. In re Nichols, 184 BR 82 (9th Cir. BAP 1995).

As Debtor's original Schedule F indicates he has unsecured debts above the jurisdictional limit, Debtor is ineligible for Chapter 13 Bankruptcy.

**3. The Debtor's Amended Schedules Were Not Filed In Good Faith**

Debtor filed amended schedules with the obvious purpose of avoiding dismissal of his Chapter 13 case. See, Amended Schedule F. **Exhibit 7** to Wahten Decl. However, these amended schedules were not submitted in good faith. First, as noted above, there is no mention anywhere in the amended schedules of Kruger's $214,903.56 judgment. See, Debtor's Amended and Original Schedules. Moreover, there is simply no explanation for the approximately $850,000 worth of unsecured debts that suddenly disappeared. For example, the $157,000 personal loan from Chase bank is simply not listed. Cf. **Exhibit 7** (Amended Schedule F) to **Exhibit 2** (Original Schedule F). His Chase credit card debt in the amount of $20,579 is also not listed.

**Objection to Confirmation
and Motion to Continue- 3**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

His debt from Aurora Loan Services ending in Account No. 0199 went from $449,643 to "Notice Only." The Dynamic Strat. Debt of $34,130 is similarly now "Notice Only." The Midland Credit Management claim for $22,420 is now "Notice Only."

It is clear that the debtor simply amended his schedule to avoid dismissal of his Chapter 13 petition. However, it is equally clear that his petition was not submitted in good faith and that his unsecured debts exceed the jurisdictional limit. 11 U.S.C. § 109 (e). Debtor also failed to list all of his debts.

In sum, Debtor is not eligible for Chapter 13 as he has unsecured debts which exceed the jurisdictional limit.

### 4. The Debtor Does Not Have Income to Support Plan.

Chapter 13 requires a Debtor to have an income to support funding of the plan and be able to make payments. *See,* 11 U.S.C. § 1325(a)(6) and (b)(1). Here, however, the Debtor does not appear to be a wage earner and does not meet this requirement. Rather, it appears that Debtor's stated current income is comprised of fabricated numbers.

Schedule I indicates that Debtor Moi earns $4500 in "casual labor" while his spouse earns $1,000 babysitting. *See, Schedule I* attached as **Exhibit 8** to Wathen Decl. However, pursuant to his statement of financial affairs, there is no income listed from employment in 2008 to 2010. *See, Excerpts of Statement of Financial Affairs,* attached as **Exhibit 9** to Wathen Decl. The Debtor's 2009 income consisted of selling assets in the amount of $19,080. His spouse apparently made $13,500 babysitting. In 2010, Debtor indicates as of the date of filing, May 20, 2010, that he made $5,000 selling assets; his spouse made $3,600 babysitting. *Id.* Moreover, it appears that Debtor's apparent place of employment, Magnolia Remodel, ceased to operate in 2004. *See,* **Exhibit 10** to Wathen Decl.

The figures from Schedule I do not match up with the Debtor's stated income of $5,500 per month. Like the amended Schedule F, it is clear that debtor has fabricated

**Objection to Confirmation and Motion to Continue- 4**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

these numbers to avoid dismissal of his Chapter 13 petition.

The Debtor does not qualify for Chapter 13 bankruptcy.

**B. Kruger Moves to Continue Confirmation Hearing**

Kruger respectfully requests the Court grant a 60 day continuance as he retains local bankruptcy counsel.

## IV. CONCLUSION

For the foregoing reasons, Kruger objects to Debtor's Chapter 13 confirmation plan as Debtor does not qualify for Chapter 13. Kruger also moves this Court to continue the confirmation hearing for 60 days for Kruger to obtain local bankruptcy counsel.

## V. PROPOSED ORDER

A proposed order is attached hereto.

DATED this __22nd__ day of July, 2010.

COLE, LETHER, WATHEN, LEID & HALL, P.C.

__//S// Rick J Wathen__
Rick J Wathen, WSBA #25539
Cole, Lether, Wathen, Leid & Hall, P.C.
1000 Second Ave. Suite 1300
Seattle, WA 98104
206-622-0494
E-mail: rwathen@clwlh.com

**Objection to Confirmation and Motion to Continue- 5**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following participants:

| | |
|---|---|
| Marc Stern<br>Attorney at Law<br>1825 NW 65th Street<br>Seattle, WA 98117 | [ ] **First Class Mail**<br>[ ] **Fax**<br>[x] **By CM/ECF** |
| K Michael Fitzgerald<br>Bankruptcy Trustee<br>600 University St. #2200<br>Seattle, WA 98101<br>Tel: 206-624-5124 | [ ] **First Class Mail**<br>[ ] **Fax**<br>[x] **By CM/ECF** |

Dated this 22nd day of July, 2010, at Seattle, Washington.

*/s/ Elyse Conte*
Legal Assistant
Elyse Conte

**Objection to Confirmation**
**and Motion to Continue- 6**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494