IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re: | ) | No. 10-15781- KAO |
| MICHAEL REID MOI, | ) | **NOTICE OF APPEARANCE** |
| Debtor. | ) | |

TO:     Michael Reid Moi, Debtor,

AND TO:    Marc Stern, Debtor's Attorney;

    **PLEASE TAKE NOTICE** that the undersigned hereby appears on behalf of creditor Doug Kruger in this action.

    You are hereby directed to serve all future pleadings or papers, excepting process, upon the undersigned attorneys, at the address stated below.

    DATED this 28th day of May, 2010.

COLE, LETHER, WATHEN, LEID & HALL, P.C.

_____
Rick J Wathen, WSBA #25539
Attorney for Doug Kruger

**EXHIBIT**

1

**NOTICE OF APPEARANCE- 1**
F:\FILES\Kruger, Doug 08291\Bankruptcy\NOA.wpd

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following participants:

| Marc Stern<br>Attorney at Law<br>1825 NW 65th Street<br>Seattle, WA 98117 | [ ] First Class Mail<br>[ ] Fax<br>[ x ] By CM/ECF |
|---|---|
| K Michael Fitzgerald<br>Bankruptcy Trustee<br>600 University St. #2200<br>Seattle, WA 98101<br>Tel: 206-624-5124 | [ ] First Class Mail<br>[ ] Fax<br>[ x ] By CM/ECF |

Dated this 28th day of May, 2010, at Seattle, Washington.

Legal Assistant
Elyse Conte

**NOTICE OF APPEARANCE- 2**
F:\FILES\Kruger, Doug 08291\Bankruptcy\NOA.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 822-0494

B6F (Official Form 6F) (12/07)

In re  Michael Reid Moi                          ,          Case No. _____
                    **Debtor**                                                    (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1791 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 340.00 |
| ACCOUNT NO.  1767 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 88.00 |
| ACCOUNT NO.  1783 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 88.00 |
| ACCOUNT NO.  1689 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |

___11___ continuation sheets attached

Subtotal ➤  $        591.00

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5-749 - 3119* ^-2XChange 3.0

**EXHIBIT**

2

tabbies®

In re  Michael Reid Moi                                    ,          Case No. _____
                    Debtor                                                                (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7963<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |
| ACCOUNT NO. 6954<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |
| ACCOUNT NO. 4387<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 74.00 |
| ACCOUNT NO. 5663<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 74.00 |
| ACCOUNT NO. 7999<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 71.00 |

Sheet no. 1 of 11 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 369.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  Michael Reid Moi       ,     Case No. _____
         Debtor                 (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1180 ASSET ACCEPTANCE LLC PO BOX 2036 WARREN, MI 48090 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT FACTORY COMPANY ACCOUNT | | | | 29,397.00 |
| ACCOUNT NO. 0199 AURORA LOAN SERVICES I 10350 PARK MEADOWS DR ST LITTLETON, CO 80124 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT DELINQUENT 90 DAYS PAST DUE DATE ACCOUNT 90 DAYS PAST DUE DATE 3 OR MORE TIMES OPEN ACCOUNT CONVENTIONAL REAL ESTATE LOAN | | | | 449,643.00 |
| ACCOUNT NO. Bank Of America , | | | Consideration: Credit Cards | | | | 29,397.00 |
| ACCOUNT NO. Bank Of America , WA | | | Incurred: 12/16/09 | | | | 34,822.94 |
| ACCOUNT NO. 5227 BANK OF AMERICA PO BOX 1598 NORFOLK, VA 23501 | | | PURCHASED BY ANOTHER LENDER CREDIT CARD CHARGE OFF AMOUNT IS 19263 PAID | | | | 0.00 |

Sheet no. 2 of 11 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims      Subtotal ► $ 543,259.94

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re   Michael Reid Moi                                                 ,          Case No. _____
                              **Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9921<br><br>BANK OF AMERICA<br>PO BOX 1598<br>NORFOLK, VA 23501 | | | PURCHASED BY ANOTHER LENDER CREDIT CARD CHARGE OFF AMOUNT IS 16779 PAID | | | | 0.00 |
| ACCOUNT NO. 4414<br><br>BANK OF AMERICA<br>PO BOX 17054<br>WILMINGTON, DE 19850 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD CHARGE OFF AMOUNT IS 9450 PAID | | | | 0.00 |
| ACCOUNT NO. 8735<br><br>BANNER BANK<br>10 S 1ST AVE<br>WALLA WALLA, WA 99362 | | | ACCOUNT/PAID SATISFACTORILY THIS IS AN ACCOUNT IN GOOD STANDING PAID ACCOUNT/ZERO BALANCE SECURED LOAN | | | | 0.00 |
| ACCOUNT NO. 3733<br><br>BB&B/CBSD<br>PO BOX 9714<br>GRAY, TN 37615 | | | COMBINED CREDIT PLAN, REVOLVING ACCOUNT | | | | 0.00 |
| ACCOUNT NO. 7667<br><br>BK OF AMER<br>PO BOX 15026<br>WILMINGTON, DE 19850 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD | | | | 0.00 |

Sheet no. __3__ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $      0.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 3119*            -XChange 3.0

In re  Michael Reid Moi                                    ,        Case No. _____
                    **Debtor**                                                    **(If known)**

## SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2196 <br><br> CHASE <br> PO BOX 1093 <br> NORTHRIDGE, CA 91328 | | | CLOSED <br> CONVENTIONAL REAL ESTATE LOAN | | | | 0.00 |
| ACCOUNT NO. 5330 <br><br> CHASE <br> PO BOX 15298 <br> WILMINGTON, DE 19850 | | | ACCOUNT CLOSED BY CONSUMER <br> CREDIT CARD <br> PAID | | | | 0.00 |
| ACCOUNT NO. 0021 <br><br> CHASE <br> PO BOX 15298 <br> WILMINGTON, DE 19850 | | | ACCOUNT CLOSED BY CONSUMER <br> CREDIT CARD <br> CHARGE OFF AMOUNT IS 12795 <br> PAID | | | | 0.00 |
| ACCOUNT NO. <br><br> Chase Bank <br> , | | | Incurred: 2003 <br> Consideration: Personal Loan | | | | 157,000.00 |
| ACCOUNT NO. <br><br> Chase Bank <br> , | | | Consideration: Credit Cards | | | | 20,579.00 |

Sheet no. _4_ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 177,579.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver., 4.5.4-749 - 3119*      "XXlarge 3.0

In re   Michael Reid Moi _____ ,        Case No. _____
Debtor                                                                (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0154<br>CITI<br>PO BOX 6241<br>SIOUX FALLS, SD 57117 | | | THIS IS AN ACCOUNT IN GOOD STANDING<br>INACTIVE ACCOUNT<br>CREDIT CARD | | | | 0.00 |
| ACCOUNT NO.  8444<br>CITI<br>PO BOX 6241<br>SIOUX FALLS, SD 57117 | | | ACCOUNT/PAID SATISFACTORILY<br>THIS IS AN ACCOUNT IN GOOD STANDING<br>PAID ACCOUNT/ZERO BALANCE<br>CREDIT CARD | | | | 0.00 |
| ACCOUNT NO.  5208<br>CREDIT PROTECTION ASSO<br>13355 NOEL RD STE 2100<br>DALLAS, TX 75240 | | | COLLECTION DEPARTMENT/AGENCY/ATTORNEY<br>PAID | | | | 0.00 |
| ACCOUNT NO.  8064<br>DISCOVR CD<br>PO BOX15316  ATT:CMS/PROD DEVELOP<br>WILMINGTON, DE 19850-5316 | | | CHARGED OFF ACCOUNT<br>CREDIT CARD<br>BAD DEBT; PLACED FOR COLLECTION; SKIP | | | | 14,082.00 |
| ACCOUNT NO.<br>Doug Kruger<br>c/o Rick J. Wathen<br>1000 2nd Ave Ste 1300<br>Seattle, WA 98104-1082 | X | | Incurred: 2/23/10 | | X | X | Notice Only |

Sheet no.  5   of  11   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 14,082.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc. ver 4.5.4-749 - 3110  "-XXChange 3.0

In re  Michael Reid Moi                            ,          Case No. _____
                    **Debtor**                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Doug Kruger<br>4463 26TH AVE W<br>SEATTLE , WA | | | Incurred: 2/16/2007<br>Consideration: Law Suit | | X | X | 80,000.00 |
| ACCOUNT NO. 3742<br><br>DYNMIC STRAT<br>2525 220TH ST SE SUITE 201<br>BOTHELL, WA 98041 | | | PLACED FOR COLLECTION | | | | 34,130.00 |
| ACCOUNT NO.<br><br>Elliott Bay Adjustment<br>, | | | Consideration: Medical Bills | | | | 577.00 |
| ACCOUNT NO. 8969<br><br>ELLIOTT BAY ADJUSTMENT<br>10740 MERIDIAN AVE N STE<br>SEATTLE, WA 98133 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 577.00 |
| ACCOUNT NO. 3166<br><br>FIRST USA BANK N A<br>1001 JEFFERSON PLAZA<br>WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD | | | | 0.00 |

Sheet no. 6 of 11 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤  | $  115,284.00
Total➤   | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankrupt.py 2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31190 - **-XChange 3.0

In re   Michael Reid Moi                                              ,        Case No. _____
　　　　　　　　　　　Debtor                                                                                       (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  9421 <br><br> FIRST USA BANK N A <br> 1001 JEFFERSON PLAZA <br> WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD | | | | 0.00 |
| ACCOUNT NO.  5353 <br><br> FIRST USA BANK N A <br> 1001 JEFFERSON PLAZA <br> WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CREDIT GRANTOR <br> CREDIT CARD | | | | 0.00 |
| ACCOUNT NO.  365C <br><br> LEASECOMM <br> 950 WINTER ST <br> WALTHAM, MA 02451 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT <br> ACCOUNT DELINQUENT 180 DAYS PAST DUE DATE <br> OPEN ACCOUNT <br> RENTAL AGREEMENT <br> PREVIOUS STATUS 09 | | | X | 1,423.00 |
| ACCOUNT NO.  6287 <br><br> MERCHANTS CREDIT <br> 2245 152ND NE <br> REDMOND, WA 98052-5519 | | | MEDICAL <br> UNPAID | | | | 33.00 |
| ACCOUNT NO.  3809 <br><br> MERCHANTS ME <br> 2245 152ND NE <br> REDMOND, WA 98052-5519 | | | MEDICAL <br> UNPAID | | | X | 4,202.00 |

Sheet no. _7_ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶   $    5,658.00

Total ▶   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 3119"   -XChange 3.0

In re   Michael Reid Moi              ,          Case No. _____

             **Debtor**                                                   **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2668<br><br>MERCHANTS ME<br>2245 152ND NE<br>REDMOND, WA 98052-5519 | | | MEDICAL<br>UNPAID | | | X | 469.00 |
| ACCOUNT NO. 8938<br><br>MERCHANTS ME<br>2245 152ND NE<br>REDMOND, WA 98052-5519 | | | MEDICAL<br>UNPAID | | | X | 199.00 |
| ACCOUNT NO.<br><br>Merchants Medical<br>, | | | Consideration: Medical Bills | | | X | 4,144.00 |
| ACCOUNT NO.<br><br>Midland Credit<br>, | | | Consideration: Credit Cards | | | | 22,420.00 |
| ACCOUNT NO.<br><br>Midland Credit<br>, | | | Collecting For Midland Credit | | | | 0.00 |

Sheet no. _8_ of _11_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤     $     27,232.00

Total ➤     $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 3119    "-XChange 3.0)

In re   Michael Reid Moi                                  ,          Case No. _____

    **Debtor**                                                                    (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5060<br><br>MIDLAND CREDIT MGMT<br>8875 AERO DR<br>SAN DIEGO, CA 92123 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>FACTORY COMPANY ACCOUNT | | | | 22,420.00 |
| ACCOUNT NO.  6174<br><br>NCO FIN/55<br>PO BOX 13570<br>PHILADELPHIA, PA 19101 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | X | 511.00 |
| ACCOUNT NO.<br><br>Nco Financial<br>, | | | Consideration: Medical Bills | | | X | 511.00 |
| ACCOUNT NO.<br><br>Renton Collections<br>, | | | Consideration: Medical Bills | | | X | 3,640.00 |
| ACCOUNT NO.<br><br>Renton Collections<br>, | | | Consideration: Medical Bills | | | X | 868.00 |

Sheet no.  9  of 11   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶      $        27,950.00

Total ▶      $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 3119*    ^XXChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re   Michael Reid Moi                                    ,          Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  2986<br><br>RENTONCOLL<br>PO BOX 272<br>RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 3,640.00 |
| ACCOUNT NO.  2985<br><br>RENTONCOLL<br>PO BOX 272<br>RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 3,419.00 |
| ACCOUNT NO.  1832<br><br>RENTONCOLL<br>PO BOX 272<br>RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 868.00 |
| ACCOUNT NO.<br><br>State Of Washington<br>, WA | | | Incurred: 8/25/09 | | | | 1,819.00 |
| ACCOUNT NO.  7660<br><br>THD/CBSD<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 | | | ACCOUNT CLOSED BY CONSUMER CHARGE ACCOUNT | | | | 0.00 |

Sheet no.  10  of 11   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤   | $ | 9,746.00

Total➤   | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31150   -*F-XXChange 3.0

In re   Michael Reid Moi _____,   Case No. _____
                    Debtor                                                    (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0001<br><br>U S BANK<br>101 5TH ST E STE A<br>SAINT PAUL, MN 55101 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT/PAID SATISFACTORILY THIS IS AN ACCOUNT IN GOOD STANDING PAID ACCOUNT/ZERO BALANCE ACCOUNT CLOSED AT CONSUMER'S REQUEST AUTO LOAN | | | | 0.00 |
| ACCOUNT NO. 6473<br><br>U S BANK<br>101 5TH ST E STE A<br>SAINT PAUL, MN 55101 | | | ACCOUNT/PAID SATISFACTORILY THIS IS AN ACCOUNT IN GOOD STANDING PAID ACCOUNT/ZERO BALANCE ACCOUNT CLOSED AT CREDIT GRANTOR'S REQUEST CHECK CREDIT OR LINE OF CREDIT | | | | 0.00 |
| ACCOUNT NO. 3564<br><br>UNIFUND<br>10625 TECHWOODS CIRCLE<br>CINCINNATI, OH 45242 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT FACTORY COMPANY ACCOUNT | | | | 20,807.00 |
| ACCOUNT NO. GUG3<br><br>YAKIMA ADJUSTMENT SE<br>309 W LINCOLN AV  P O BOX 512<br>YAKIMA, WA 98907 | | | MEDICAL<br>UNPAID | | | X | 219.00 |
| ACCOUNT NO. | | | | | | | |

Sheet no. 11 of 11 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ | $ | 21,026.00

Total ▶ | $ | 942,776.94

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-740 - 31191   *XXChange 3.0

# United States Bankruptcy Court
### Western District of Washington

In re    Michael Reid Moi

                 Debtor

Case No. _____

Chapter   __13__

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 1,900,000.00 | | |
| B – Personal Property | YES | 4 | $ 201,030.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $ 612,927.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 14,215.46 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 12 | | $ 942,776.94 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 5,500.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 3,624.00 |
| TOTAL | | 26 | $ 2,101,030.00 | $ 1,569,919.40 | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31150    "-XXChange 3.0



EXHIBIT

3

# United States Bankruptcy Court
### Western District of Washington

In re ___Michael Reid Moi_____     Case No. _____

_____Debtor_____

Chapter ___13_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | NO | 0 | $ 0.00 | | |
| B – Personal Property | NO | 0 | $ 0.00 | | |
| C – Property Claimed as exempt | NO | 0 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 692,927.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 14,215.46 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 8 | | $ 59,999.00 | |
| G - Executory Contracts and Unexpired Leases | NO | 0 | | | |
| H - Codebtors | NO | 0 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| TOTAL | | 13 | $ 0.00 | $ 767,141.46 | |



EXHIBIT
4

**FILED**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 10-15781 |
|---|---|
| MICHAEL REID MOI | CHAPTER 13 PLAN |
| | XX Original ___ Amended |
| Debtor(s). | Date: _____ |

**I. Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
___X___ Yes
_____ No
B. Means Test Result. Debtor is (check one):
_____ a below median income debtor
_____ an above median income debtor with positive monthly disposable income
__XX__ an above median income debtor with negative monthly disposable income

**II. Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
A. AMOUNT: $ 2400
B. FREQUENCY (check one):
__XX__ Monthly
_____ Twice per month
_____ Every two weeks
_____ Weekly
C. TAX REFUNDS. Debtor (check one): ___COMMITS: __XX__ DOES NOT COMMIT: all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
E. OTHER:
1 The debtor has claims against Douglas Kruger and his attorney Rick Walthen. Either the trustee will pursue them or the debtor will pursue them in the name of the estate.
2. The recycles and purchases and sells recycled stuff. The debtor intends to continue with this business.
3. The debtor will sell some of his real property to fully fund the plan.

**III. Plan Duration:**
The intended length of the plan is 36 months, and may be extended up to 60 months after the first payment is due if necessary for completion. The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4).

**IV. Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:

| | | | |
|---|---|---|---|
| | | | |
| | | | |

**2. Continuing Payments on Claims Secured by Other Real Property** (Per annum interest as set forth below):

| | | | | Rate | |
|---|---|---|---|---|---|
| Rank | Creditor | Nature of Debt | Property | Monthly Payment | Interest Rate |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage** (If there is a property tax arrearage, also provide for post-petition property tax holding account at Section XII):

| Rank | Periodic Payment | Creditor | Property | Arrears to be cured | Interest rate |
|---|---|---|---|---|---|
| 1 | 225.00 | Aurora Loan Services | Residence | 8000 | =0= |
| | | | | | |
| | | | | | |

**4. Payments on Claims Secured by Personal Property:**

**a. 910 Collateral.**
The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

**EXHIBIT 5**

tables

---

1. Trustee. The percentage set pursuant to 28 USC § 586(e).
2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
3. Attorney's Fees: Pre-confirmation attorney fees and costs shall not exceed $8500. $3,000 less filing fees and credit counseling expenses was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,300, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.
Approved pre-confirmation fees shall be paid as follows (check one):
a. XX Prior to all creditors;
b. _____ Monthly payments of $_____;
c. _____ All remaining funds available after designated monthly payments to the following creditors: _____
d. _____ Other: _____
If no selection is made, fees will be paid after monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| Creditor | Monthly amount |
|---|---|
| | |
| | |

C. SECURED CLAIMS: Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under non-bankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holding long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. The value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

Only creditors holding allowed secured claims specified below will receive payment from the Trustee. If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| 1 | Aurora Loan Services | Mortgage | Residence | 1700 |

| Rank | Creditor | Description of Collateral | Equal Periodic Payment | Pre-confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

**b. Non-910 Collateral.**
The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor's Value of Collateral | Description of Collateral | Pre-Confirmation adequate Protection Payment | Contract Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be paid | Reason for Classification |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Other Nonpriority Unsecured Claims (check one);
a. _X_ 100% paid to allowed nonpriority unsecured claims. OR
b. _____ Debtor shall pay at least $ -0- to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately 0- % of their allowed claims.

**V. Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession

and sale.

**Creditor**            **Property to be Surrendered**

**VI. Executory Contracts and Leases:**
The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.3

**Contract/Lease**            **Assumed or Rejected**

**VII. Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| NONE | | |
| | | |

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| None | | | |
| | | | |

**VIII. Revestment of Property**
Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed plan.

**IX. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
The liquidation value of the estate is $1,000,000. In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of -6-% per annum from the petition filing date (no interest shall be paid if left blank).

**X. Other Plan Provisions:**
A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
C. If a secured creditor elects to charge debtor any fee, expense or cost permitted under the contract, the creditor shall give written notice to the debtor and debtor's counsel within 30 days of the assessment.
D. Mortgage creditors shall notify the Trustee, debtor and debtor's counsel within 60 days of any change in the regular monthly payment (including the escrow account, if applicable).
E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

**XI. Certification:**
A. The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).
B. By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

**XII. Additional Case-Specific Provisions: (must be separately numbered)**
A. Prior to filing the debtor borrowed approximately $6,000 from his mother, secured by a deed of trust, to redeem real property. The debtor is pursuing the redemption. The property is tax assessed at $461,000. The amount of redemption is less than $6,000. Other than the redemption, the property is owned free and clear of all liens.

MrcS San
Attorney for Debtor(s)

| | /s/ Michael Mai | 6049 | June 7, 2010 |
|---|---|---|---|
| Date | DEBTOR | Last 4 digits SS# | Date |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 10-15781 |
|--------|-------------------|
| MICHAEL REID MOI | CHAPTER 13 PLAN |
| | xx Original __ Amended |
| Debtor(s). | Date: _____ |

**I. Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
X __ Yes
__ No
B. Means Test Result. Debtor is (check one):
____ a below median income debtor
____ an above median income debtor with positive monthly disposable income
XX an above median income debtor with negative monthly disposable income

**II. Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
A. AMOUNT: $ 2400
B. FREQUENCY (check one):
XX Monthly
__ Twice per month
__ Every two weeks
__ Weekly
C. TAX REFUNDS: Debtor (check one): __ COMMITS; XX DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payments stated above. If no selection is made, tax refunds are committed.
D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
E. OTHER:
1. The debtor has claims against Douglas Krueger and his attorney Rick Wahlen. Either the trustee will pursue them or the debtor will pursue them in the name of the estate.
2. The recycles and purchases and sells recycled stuff. The debtor intends to continue with this business.
3. The debtor will sell some of his real property to fully fund the plan.

**III. Plan Duration:**
The intended length of the plan is 36 months, and may be extended up to 60 months after the first payment is due if necessary for completion. The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1325(d) and 1325(b)(4).

**IV. Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:

1. Trustee. The percentage set pursuant to 28 USC §586(e).
2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 507(b).
3. Attorney's Fees: Pre-confirmation attorney fees and costs shall not exceed $3500. $3,000 less filing fees and credit counseling expenses was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.
Approved pre-confirmation fees shall be paid as follows (check one):
a. XX Prior to all creditors;
b. ____ Monthly payments of $ _____ ;
c. ____ All remaining funds available after designated monthly payments to the following creditors: _____
d. ____ Other: _____
If no selection is made, fees will be paid after monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 507(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| Creditor | Monthly amount |
|----------|----------------|
| | |

C. SECURED CLAIMS: Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 507(a) or court order, as stated below. Unless ranked otherwise, payment to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under non-bankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holding long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise noted following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

Only creditors holding allowed secured claims specified below will receive payment from the Trustee. If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence. (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|------|----------|----------------|----------|-----------------|
| 1 | Aurora Loan Services | Mortgage | Residence | 1700 |

2. Continuing Payments on Claims Secured by Other Real Property (Per annum interest as set forth below):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment | Interest Rate |
|------|----------|----------------|----------|-----------------|---------------|
| | | | | | |
| | | | | | |

3. Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage (If there is a property tax arrearage, also provide for postpetition property tax holding account at Section XIII):

| Rank | Periodic Payment | Creditor | Property | Arrears to be cured | Interest rate |
|------|------------------|----------|----------|---------------------|---------------|
| 1 | 225.00 | Aurora Loan Services | Residence | 8000 | -0- |
| | | | | | |
| | | | | | |

4. Payments on Claims Secured by Personal Property:

a. 910 Collateral.
The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Creditor | Description of Collateral | Equal Periodic Payment | Pre-confirmation Adequate Protection Payment | Interest Rate |
|------|----------|---------------------------|------------------------|---------------------------------------------|---------------|
| | | | | | |

b. Non-910 Collateral.
The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payment shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor's Value of Collateral | Description of Collateral | Pre-Confirmation adequate Protection Payment | Contract Interest Rate |
|------|------------------------|----------|------------------------------|---------------------------|---------------------------------------------|------------------------|
| | | | | | | |
| | | | | | | |
| | | | | | | |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be paid | Reason for Classification |
|------|----------|-----------------|-----------------------|---------------------------|
| | | | | |
| | | | | |

2. Other Nonpriority Unsecured Claims (check one):
a. __ X __ 100% paid to allowed nonpriority unsecured claims OR
b. ____ Debtor shall pay at least $ -0- to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately -0- % of their allowed claims.

V. Secured Property Surrendered:
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession

and sale.

| Creditor | Property to be Surrendered |
|---|---|

**VI. Executory Contracts and Leases:**
The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.2.

| Contract/Lease | Assumed or Rejected |
|---|---|

**VII. Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| NONE | | |
| | | |

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| None | | | |
| | | | |

**VIII. Revestment of Property**
Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed plan.

**IX. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
The liquidation value of the estate is $1,000,000. In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of -0-% per annum from the petition filing date (no interest shall be paid if left blank).

**X. Other Plan Provisions:**
A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
C. If a secured creditor elects to charge debtor any fee, expense or cost permitted under the contract, the creditor shall give written notice to the debtor and debtor's counsel within 30 days of the assessment.
D. Mortgage creditors shall notify the Trustee, debtor and debtor's counsel within 60 days of any change in the regular monthly payment (including the escrow account, if applicable).
E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

**XI. Certification:**
A. The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).
B. By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

**XII. Additional Case-Specific Provisions:** (must be separately numbered)
A. Prior to filing the debtor borrowed approximately $6,000 from his mother, secured by a deed of trust, to redeem real property. The debtor is pursuing the redemption. The property is tax assessed at $461,000. The amount of redemption is less than $6,000. Other than the redemption, the property is owned free and clear of all liens.

MacS Sm
Attorney for Debtor(s)

_____  /s/ Michael Mai  4049  June 7, 2010___
Date  DEBTOR  Last 4 digits SSF  Date

10014585 10-15781 Michael Reid Moi
10-15781 Michael Reid Moi
Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117

Mailed by:
BK Attorney Services, LLC
www.certificateofservice.com

CONTAINS NOTICE OF A PROCEEDING
IN THE
UNITED STATES BANKRUPTCY COURT

**FIRST CLASS MAIL**

SPOKANE WA 992

R E C E I V E D

JUL 09 2010

COLE, LETHER,
WATHEN, LEID & HALL, P.C.

Doug Kruger
c/o Rick J Wathen
1000 2nd Ave Ste 1300
Seattle WA 98104-1082

Ex Parte Department

**FILED**
KING COUNTY, WASHINGTON

MAY 03 2010

SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DOUG KRUGER, a single man<br><br>        Plaintiff,<br><br>        vs.<br><br>MICHAEL MOI, individually as Personal<br>Representative of the Estate of Sherry Moi,<br><br>        Defendants. | No. 09-2-36968-2 SEA<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>AMENDED DEFAULT<br>JUDGEMENT** |

This matter came before the Court on Plaintiff, Doug Kruger's Motion for Default Judgment. Defendant Michael Moi has not appeared, answered, or otherwise defended Plaintiff's Complaint.

The Court considered the pleadings filed in this action, the declaration of Plaintiff's counsel, and the evidence submitted in support thereof:

Based on the pleadings and evidence presented, the Court finds:

(1)    Defendant Michael Moi was properly served with the Plaintiff's Summons and Complaint in this action.

(2)    Defendant Michael Moi has failed to appear, answer, or otherwise defend this action.

(3)    No notice of appearance was served by Defendant Michael Moi on Plaintiff or his attorney.

(4)    The time for appearing and answering the Plaintiff's complaint is twenty days

ORDER GRANTING PLAINTIFF'S MOTION
FOR AMENDED DEFAULT JUDGMENT - 1
F:\FILES\Kruger, Doug 08291\Default Judgment Order Amended.wpd

COLE, LETHER, WATHEN & LEID, P.C.
0 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

**EXHIBIT**
6

1    and more than twenty days have passed since service on Defendant Michael

2    Moi of the summons and complaint.

3    (5)    Venue is proper in this action.

4    (6)    That the Plaintiff is entitled to the relief requested in its complaint:

5    Based on the above findings, it is hereby:

6    **ORDERED** that Plaintiff's motion is granted. Defendant Michael Moi is declared to

7    be in default for failing to appear or to defend in this action.

8    **IT IS FURTHER ORDERED** that the Default Judgment entered by this Court on

9    February 23, 2010 is hereby Vacated and the judgment is amended as per the following:

10    (7)    The Court further finds that Plaintiffs damages in this matter are for a sum

11    certain or for a sum which by computation can be made certain.

12    As a result, it is hereby:

13    **ORDERED** that Plaintiff is entitled to Default Judgment pursuant to CR 55(b) in the

14    amount of $214,903.56. Said amount shall bear interest at a rate of 12% per anum.

15    DATED this ___ day of May, 2010.

16

17                                                        Commissioner

18

19

20    Presented by:

21    COLE, LETHER, WATHEN, LEID & HALL, P.C.

22

23

24    Rick J Wathen, WSBA No. 25539
      Eric J. Neal, WSBA No. 31863
25    Attorneys for Plaintiff

26

27

ORDER GRANTING PLAINTIFF'S MOTION
FOR AMENDED DEFAULT JUDGMENT - 2
F:\FILES\Kruger, Doug 08291\Default Judgment Order Amended.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

In re __Michael Reid Moi_____,  Case No. _____
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1791 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 340.00 |
| ACCOUNT NO. 1767 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 88.00 |
| ACCOUNT NO. 1783 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 88.00 |
| ACCOUNT NO. 1689 <br><br> ALLIANCEONE INC <br> 6565 KIMBALL DR <br> GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |

__7__ continuation sheets attached

Subtotal ➤ $ 591.00

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankrupcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31199 - #DF-XCharge 3.0

**EXHIBIT**

**7**

tabbies

B6F (Official Form 6F) (12/07) - Cont.

In re   Michael Reid Moi                                    ,          Case No. _____
                    Debtor                                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7963<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |
| ACCOUNT NO.  6954<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 75.00 |
| ACCOUNT NO.  4387<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 74.00 |
| ACCOUNT NO.  5663<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 74.00 |
| ACCOUNT NO.  7999<br><br>ALLIANCEONE INC<br>6565 KIMBALL DR<br>GIG HARBOR, WA 98335 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 71.00 |

Sheet no.  1   of  7   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   369.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31199 - *FY.XChange 3.0

In re   Michael Reid Moi                                          ,                    Case No. _____
_____
        **Debtor**                                                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1180<br><br>ASSET ACCEPTANCE LLC<br>PO BOX 2036<br>WARREN, MI 48090 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT<br>FACTORY COMPANY ACCOUNT | | | | 29,397.00 |
| ACCOUNT NO.  0199<br><br>AURORA LOAN SERVICES I<br>10350 PARK MEADOWS DR ST<br>LITTLETON, CO 80124 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT DELINQUENT 90 DAYS PAST DUE DATE ACCOUNT 90 DAYS PAST DUE DATE 3 OR MORE TIMES OPEN ACCOUNT<br>CONVENTIONAL REAL ESTATE LOAN | | | | Notice Only |
| ACCOUNT NO.  5227<br><br>BANK OF AMERICA<br>PO BOX 1598<br>NORFOLK, VA 23501 | | | PURCHASED BY ANOTHER LENDER CREDIT CARD CHARGE OFF AMOUNT IS 19263 PAID | | | | 0.00 |
| ACCOUNT NO.  9921<br><br>BANK OF AMERICA<br>PO BOX 1598<br>NORFOLK, VA 23501 | | | PURCHASED BY ANOTHER LENDER CREDIT CARD CHARGE OFF AMOUNT IS 16779 PAID | | | | 0.00 |
| ACCOUNT NO.  4414<br><br>BANK OF AMERICA<br>PO BOX 17054<br>WILMINGTON, DE 19850 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD CHARGE OFF AMOUNT IS 9450 PAID | | | | 0.00 |

Sheet no.  2  of 7  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 29,397.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re __Michael Reid Moi_____,     Case No. _____
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 8064 <br><br> DISCOVR CD <br> PO BOX15316 ATT:CMS/PROD DEVELOP <br> WILMINGTON, DE 19850-5316 | | | CHARGED OFF ACCOUNT . CREDIT CARD BAD DEBT; PLACED FOR COLLECTION; SKIP | | | | 14,082.00 |
| ACCOUNT NO. 3742 <br><br> DYNMIC STRAT <br> 2525 220TH ST SE SUITE 201 <br> BOTHELL, WA 98041 | | | PLACED FOR COLLECTION | | | | Notice Only |
| ACCOUNT NO. 8969 <br><br> ELLIOTT BAY ADJUSTMENT <br> 10740 MERIDIAN AVE N STE <br> SEATTLE, WA 98133 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | | 577.00 |
| ACCOUNT NO. 3166 <br><br> FIRST USA BANK N A <br> 1001 JEFFERSON PLAZA <br> WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD | | | | 0.00 |
| ACCOUNT NO. 9421 <br><br> FIRST USA BANK N A <br> 1001 JEFFERSON PLAZA <br> WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CONSUMER CREDIT CARD | | | | 0.00 |

Sheet no. _3_ of _7_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 14,659.00
Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31190 - *PFX/Change 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re __Michael Reid Moi_____,     Case No. _____
               Debtor                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5353<br><br>FIRST USA BANK N A<br>1001 JEFFERSON PLAZA<br>WILMINGTON, DE 19701 | | | ACCOUNT CLOSED BY CREDIT GRANTOR<br>CREDIT CARD | | | | 0.00 |
| ACCOUNT NO. 365C<br><br>LEASECOMM<br>950 WINTER ST<br>WALTHAM, MA 02451 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT<br>ACCOUNT DELINQUENT 180 DAYS PAST DUE DATE<br>OPEN ACCOUNT<br>RENTAL AGREEMENT<br>PREVIOUS STATUS 09 | | | X | 1,423.00 |
| ACCOUNT NO. 6287<br><br>MERCHANTS CREDIT<br>2245 152ND NE<br>REDMOND, WA 98052-5519 | | | MEDICAL<br>UNPAID | | | | 33.00 |
| ACCOUNT NO. 3809<br><br>MERCHANTS ME<br>2245 152ND NE<br>REDMOND, WA 98052-5519 | | | MEDICAL<br>UNPAID | | | X | 4,202.00 |
| ACCOUNT NO. 2668<br><br>MERCHANTS ME<br>2245 152ND NE<br>REDMOND, WA 98052-5519 | | | MEDICAL<br>UNPAID | | | X | 469.00 |

Sheet no. _4_ of _7_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                  Subtotal ➤ | $ | 6,127.00

                                   Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31191 - ***-EXChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Michael Reid Moi _____,     Case No. _____
            Debtor                                                         (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8938 <br><br> MERCHANTS ME <br> 2245 152ND NE <br> REDMOND, WA 98052-5519 | | | MEDICAL <br> UNPAID | | | X | 199.00 |
| ACCOUNT NO.  5060 <br><br> MIDLAND CREDIT MGMT <br> 8875 AERO DR <br> SAN DIEGO, CA 92123 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT <br> FACTORY COMPANY ACCOUNT | X | X | | Notice Only |
| ACCOUNT NO.  6174 <br><br> NCO FIN/55 <br> PO BOX 13570 <br> PHILADELPHIA, PA 19101 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT <br> COLLECTION DEPARTMENT/AGENCY/ATTORNEY | | | X | 511.00 |
| ACCOUNT NO.  2986 <br><br> RENTONCOLL <br> PO BOX 272 <br> RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 3,640.00 |
| ACCOUNT NO.  2985 <br><br> RENTONCOLL <br> PO BOX 272 <br> RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 3,419.00 |

Sheet no.  5  of  7  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $      7,769.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31199 - ***-XChange 3.0

In re __Michael Reid Moi_____,    Case No. _____
                   **Debtor**                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1832<br><br>RENTONCOLL<br>PO BOX 272<br>RENTON, WA 98057 | | | PLACED FOR COLLECTION | | | X | 868.00 |
| ACCOUNT NO. 7660<br><br>THD/CBSD<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 | | | ACCOUNT CLOSED BY CONSUMER CHARGE ACCOUNT | | | | 0.00 |
| ACCOUNT NO. 0001<br><br>U S BANK<br>101 5TH ST E STE A<br>SAINT PAUL, MN 55101 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT/PAID SATISFACTORILY THIS IS AN ACCOUNT IN GOOD STANDING PAID ACCOUNT/ZERO BALANCE ACCOUNT CLOSED AT CONSUMER'S REQUEST AUTO LOAN | | | | 0.00 |
| ACCOUNT NO. 6473<br><br>U S BANK<br>101 5TH ST E STE A<br>SAINT PAUL, MN 55101 | | | ACCOUNT/PAID SATISFACTORILY THIS IS AN ACCOUNT IN GOOD STANDING PAID ACCOUNT/ZERO BALANCE ACCOUNT CLOSED AT CREDIT GRANTOR'S REQUEST CHECK CREDIT OR LINE OF CREDIT | | | | 0.00 |
| ACCOUNT NO. 3564<br><br>UNIFUND<br>10625 TECHWOODS CIRCLE<br>CINCINNATI, OH 45242 | | | HIGH CREDIT AMOUNT IS ORIGINAL LOAN AMOUNT ACCOUNT SERIOUSLY PAST DUE DATE/ACCOUNT ASSIGNED TO ATTORNEY, COLLECTION AGENCY, OR CREDIT GRANTOR'S INTERNAL COLLECTION DEPARTMENT FACTORY COMPANY ACCOUNT | X | X | | Notice Only |

Sheet no. __6__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 868.00
Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31159 - "F-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Michael Reid Moi                                    Case No. _____
                    Debtor                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  GUG3  YAKIMA ADJUSTMENT SE 309 W LINCOLN AV  P O BOX 512 YAKIMA, WA 98907 | | | MEDICAL UNPAID | | | X | 219.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __7__ of __7__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤   $   219.00

Total ➤   $   59,999.00

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re: **Michael Reid Moi**
_____

Case: _____

**Debtor**

(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): Spouse | AGE(S): 23 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | self employed | |
| Name of Employer | | |
| How long employed | 0 yrs, 0 mos | 0 yrs, 0 mos |
| Address of Employer | | , |
| | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ 0.00 |
| 2. Estimated monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union Dues | $ 0.00 | $ 0.00 |
| d. Other (Specify:_____) | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6.. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance ( Specify) _____ | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (D)Casual labor (S)Babysitting (Specify) _____ | $ 4,500.00 $ 0.00 | $ 1,000.00 $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 4,500.00 | $ 1,000.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 4,500.00 | $ 1,000.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) | | $ 5,500.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

None
_____

**EXHIBIT**

8

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver 4.5.4-749 - 3110*    *eXChange 3.0

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In Re  Michael Reid Moi

Case No. _____
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2010(db) | 0.00 | |
| 2009(db) | 0.00 | |
| 2008(db) | 0.00 | |
| | | |
| 2010(nfs) | 0.00 | |
| 2009(nfs) | 0.00 | |
| 2008(nfs) | 0.00 | |



EXHIBIT

tabbies

9

Bankruptcy 2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31195 - ""XXChange 3.0

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE |
|---|---|---|
| 2010 (db) | 19080.00 | Selling Of Assets |
| 2009(db) | 50000 | selling assets |
| 2010(nfs) | 3600.00 | Babysitting |
| 2009(nfs) | 13500.00 | Babysitting |

**3. Payments to creditors**

None ☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None ☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*)☐any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative☐repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31159 - "-XJChange 3.0

Bankrupcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-740 - 3119 - "-XXChange 3.0

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☐

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Magnolia Roofing | | 4900 15th Ave Nw Seattle, Wa 98107 | Roofing & Remodel | |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☒

| NAME | ADDRESS |
|---|---|

## [Questions 19 - 25 are not applicable to this case]

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   5/20/2010

Signature of Debtor    /s/ Michael Reid Moi

MICHAEL REID MOI

_0_ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X
Signature of Bankruptcy Petition Preparer     Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 31196 - \*P-XXChange 3.0


Washington State Department of
**Labor & Industries**

## Contractors or Tradespeople Detail

Return to List >    Start a New Search >    🖳 Printer friendly

Verify Workers' Comp Premium Status    Check for Dept. of Revenue Account

## About General/Specialty Contractor

A business registered as a construction contractor with L&I to perform construction work within the scope of its specialty. A General or Specialty construction Contractor must maintain a surety bond or assignment of account and carry general liability insurance.

| Business and Licensing Information | | | |
|---|---|---|---|
| **Name** | MAGNOLIA ROOFING & REMODEL | **UBI No.** | ℹ 602065762 |
| | | **Status** | ℹ Expired |
| **Phone No.** | (206) 284-9938 | **License No.** | MAGNORR001ON |
| **Address** | 4900 15Th Ave Nw | | |
| **Suite/Apt.** | | **License Type** | ℹ Construction Contractor |
| **City** | Seattle | **Effective Date** | 9/15/2000 |
| **State** | WA | **Expiration Date** | 12/17/2004 |
| **Zip** | 981074719 | **Suspend Date** | ℹ 12/16/2004 |
| **County** | King | **Specialty 1** | ℹ General |
| **Business Type** | Corporation | **Specialty 2** | ℹ Unused |
| **Parent Company** | | | |

🖳 Other Associated Licenses

| License | Name | Type | Specialty 1 | Specialty 2 | Effective Date | Expiration Date | Status |
|---|---|---|---|---|---|---|---|
| MOICOI*994KT | MOI CONSTRUCTION INC | Construction Contractor | General | Unused | 5/30/2001 | 4/18/2002 | Archived |
| MLMOICI031Q4 | M L MOI CONSTRUCTION INC | Construction Contractor | General | Unused | 11/24/1997 | 4/18/2001 | Archived |


EXHIBIT

10

  
| REDWOR*097OO | RED WOOD REMODELING | Construction Contractor | General | Unused | 9/20/1991 | 6/12/1998 | Archived |

⊟ Business Owner Information    ⊟ Hide All

| Name | Role | Effective Date | Expiration Date |
|------|------|----------------|-----------------|
| MOI, MICHAEL R | President | 01/01/1980 | |
| MOI, SHERRY | Secretary | 01/01/1980 | |

⊟ Bond Information ⅉ

| Bond | Bond Company Name | Bond Account Number | Effective Date | Expiration Date | Cancel Date | Impaired Date | Bond Amount | Received Date |
|------|-------------------|---------------------|----------------|-----------------|-------------|---------------|-------------|---------------|
| 2 | COLONIAL AM CAS & SURETY OF MD | LPM 4038503 | 09/15/2001 | Until Cancelled | 09/16/2005 | | $12,000.00 | 07/26/2001 |

⊟ Assignment of Savings Information ⅉ

No records found for the previous 6 year period

⊟ Insurance Information ⅉ

| Insurance | Company Name | Policy Number | Effective Date | Expiration Date | Cancel Date | Impaired Date | Amount | Received Date |
|-----------|--------------|---------------|----------------|-----------------|-------------|---------------|--------|---------------|
| 3 | ATLANTIC CAS INS CO | L065000458-1 | 12/16/2003 | 12/16/2004 | | | $300,000.00 | 01/08/20 |

⊟ Summons/Complaint Information ⅉ

No unsatisfied complaints on file within prior 6 year period

⊟ Warrant Information ⅉ

No unsatisfied warrants on file within prior 6 year period

© Washington State Dept. of Labor and Industries. Use of this site is subject to the laws of the state of Washington.



Access Agreement    Privacy & Security Statement    Intended Use/External Content Policy    Staff Only