| | |
|---|---|
| Marc S. Stern<br>1825 NW 65th St.<br>Seattle, WA 98117<br>206-448-7996<br>marc@hutzbah.com | Hon. Marc Barecca<br>Chapter 13<br>Hearing Date:<br>Hearing Time<br>Response Date |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

NO. 10-15781

In re

MICHAEL REID MOI,

    Debtor.

RESPONSE TO OBJECTION TO CONFIRMATION

## FACTS

1. The debtor filed schedules and then amended them.

2. The original schedules filed included duplicate creditors (because of the credit report update) and mischaractorized some creditors. The debtor's mortgage was listed as both secured and unsecured with virtually the same amount due. This substantially inflated the amounts.

3. In the past this was never an issue, as long as the creditor got notice, the amount was irrelevant. The Chapter 13 trustee has changed his policy. In any event, the schedules were corrected.

4. The $80,000 judgment that Mr. Kruger has is interesting in that there is a claim that it was assigned or paid by Mr. Barnes.

## ARGUMENT

It is impossible to tell exactly what relief Mr. Kruger wishes. On the one hand, he asks for a continuance and on the other hand, he requests denial of confirmation because of ineligibility, or feasibility or something else.

The ineligibility issues has been solved.

He seems to argue that Feasibility might be an issue. However, the property is worth well more than the claims and the plan proposes to sell unencumbered real property to pay creditors in full. The debtor has made all payments due under the plan. Feasability can not be a real issue.

RESPONSE TO OBJECTION
TO CONFIRMATION – 1
Resp to obj to confirm.wpd

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

1       The real issue is that the claims need to be sorted out. To start that process, the debtor obtained 2004 Orders and issued subpoenas directing appearances for the purpose of examining the creditors. Mr. Kruger was served and failed to appear for his BR 2004 examination. An attempt has been made to reschedule it.

      Mr. Wathen has sought an Order quashing his Order to Appear and Subpoena. Mr. Wathen has material information.

      The debtor would agree that the ultimate plan will depend upon the status of the claims. However, hearings on these matters are months away. The court has the option of continuing confirmation until claims are resolved or confirming the plan and allowing claims litigation to proceed until claims are determined.

## CONCLUSION

      Other than the eligibility issues that were borrowed from the trustee, who has withdrawn his objection, the Kruger objection is vague and non-specific. It should be denied.

      Respectfully submitted this July 26, 2010

*/s/ Marc S. Stern*
Marc S. Stern
WSBA 8194
Attorney for

RESPONSE TO OBJECTION
TO CONFIRMATION – 2
Resp to obj to confirm.wpd

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**