THE HONORABLE MARC BARECCA
Hearing Date: October 7, 2010
Hearing Time: 9:30am
Hearing Location: Judge's Courtroom
700 Stewart, #7106
Seattle WA, 98101
Response Date: July 22, 2010

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

MICHAEL REID MOI,

Debtor.

No. 10-15781- MLB

**OBJECTION TO DEBTOR'S CHAPTER 13 PLAN AND MOTION TO CONTINUE CONFIRMATION HEARING**

Noted For: October 7, 2010
Oral Argument Requested

COMES NOW Creditor Doug Kruger and presents the following objection to Debtor Michael Moi's Chapter 13 plan and motion to continue confirmation hearing.

## I. RELIEF REQUESTED

Creditor Doug Kruger "Kruger" hereby objects to Debtor Michael Reid Moi's Chapter 13 Plan as Debtor is not eligible for Chapter 13 bankruptcy and respectfully moves this Court to continue the confirmation until the adversary proceeding is resolved.

## II. FACTS

Debtor Michael Reid Moi filed a petition for Chapter 13 Bankruptcy on May 20, 2010. The undersigned attorney for creditor Doug Kruger received notice of Moi's petition for bankruptcy shortly thereafter and filed a notice of appearance on behalf of Doug Kruger. See, Dkt. 38, *the Declaration of Rick J Wathen filed in Support of In Support of Objection to Chapter 13 Plan and Motion to Continue.*

**Objection to Confirmation
and Motion to Continue- 1**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

On or about June 28, 2010, the Bankruptcy Trustee filed an objection to Mr. Moi's confirmation plan and moved to dismiss this case. *See Dkt. No. 25.* The primary basis of the Trustee's motion was that the petitioner had "noncontingent, liquidated, unsecured debts" over the jurisdiction limit in a Chapter 13 petition pursuant to 11 USC § 109 (e). *Id.* Specifically, Debtor listed $942,776.95 in nonpriority unsecured claims. *See, Schedule F, Filed May 20, 2010,* attached as **Exhibit 2** to Dkt. 38.

In response to the Trustee's objection, on July 6, 2010, Debtor filed amended schedules relating to his liabilities. *See, Dkt. No. 30.* Debtor's unsecured nonpriority liabilities suddenly went from $942,776.95 to $59,999, with no apparent explanation. *See, Original versus Amended Summary of Schedules,* attached as **Exhibits 3** and **4** to Dkt. 38 respectively. His secured debts went from $612,927 to $692,927. *Id.* The apparent basis for the change of his secured debt was that he was now acknowledging an $80,000 judgment obtained in favor of Kruger as secured. *See, Schedule D of Debtor's Amended Schedules.*

The Trustee withdrew its objection on or about July 7, 2010. *See, Docket.*

Debtor then resubmitted his Chapter 13 Plan. A copy of the Plan was sent via mail to counsel for Kruger and received on July 9. **Exhibit 5** to Dkt. 38. Despite the substantial and inexplicable changes, Debtor's Chapter 13 plan appears the same. *Id.*

Kruger filed its objections to Moi's Chapter 13 Plan on or about July 22, 2010. *See, Dkt. 37.* Since that time, it does not appear Moi alleviated or addressed the various concerns raised by Kruger. Rather, on September 20, 2010, Moi, by and through his counsel of record, Marc Stern, filed an adversary proceeding against creditors Brooke Barnes and Doug Kruger, in addition to counsel for Doug Kruger, Rick Wathen. *See, Dkt. No. 50.* As set forth in more detail below, Moi is alleging creditors Barnes, Kruger, and Kruger's attorney, Rick Wathen, conspired to take Moi's property, and are making claims, among others, under the RICO act. This objection and motion to continue follows.

**Objection to Confirmation
and Motion to Continue- 2**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

## III. ARGUMENT AND AUTHORITY

### A. This Court Should Continue the Hearing Until Resolution of the Adversary Proceeding.

#### 1. The objections and counterclaims are baseless and were filed with an intent to harass the creditors.

Kruger objects to the confirmation of Moi's Chapter 13 Bankruptcy and moves to continue the hearing until resolution of the adversary proceeding brought by debtor Moi under Cause No. 10-01550-MLB. *See, Dtk.* No. 50.

On or about September 20, 2010, Moi, by and through his counsel of record, Marc Stern, filed an adversary against creditors Brooke Barnes and Doug Kruger, in addition to counsel for Doug Kruger, Rick Wathen. *See, id.*

A formal response to Moi's allegations will follow by separate pleading. However, for the purposes of this motion, it must be pointed out that there is absolutely no legitimacy to any of the objections or counterclaims asserted by Moi. The factual allegations are similarly without merit and are unsupported. Kruger contests and disputes the same. Rather, it appears to be a desperate defense tactic employed by Moi to confuse the real issues underlying his bankruptcy, and was filed for the purpose of harassing the creditors, Kruger's counsel, and to delay these proceedings.

Moi is alleging violations of his due process rights and claims pursuant to 28 U.S.C. §§ 1981-83. He also alleges conspiracy, mail fraud, wire fraud, and perjury against Barnes, Kruger, and Wathen as predicate acts to the Racketeer Influenced and Corrupt Organizations Act, (RICO), codified at 18 U.S.C. § 1961, et seq. The overall basis of the allegations is that Barnes, Kruger and Wathen conspired to take Moi's property to which they were not entitled. *See, Dkt.* 50, at 6.

These claims are frivolous and a motion for sanctions is forthcoming.

If Moi's conspiracy theory has any merit, then it is worth pointing out that he has failed to name several other involved parties–namely, the King County Sheriff's Office and King County Superior Court judges who have authorized the actions complained of by Moi.

**Objection to Confirmation
and Motion to Continue- 3**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

The undersigned has advised Mr. Stern by letter dated September 20, 2010, of his intentions to pursue sanctions against counsel if he does not immediately strike these baseless claims. See, **Exhibit 1** attached to the Declaration of Rick Wathen ("Wathen Decl"). The undersigned has received no response from counsel to date. Pursuant to the letter, if Moi and or his counsel have not complied by September 30, 2010, the undersigned will be filing a motion for any and all sanctions available.

### 2. The objections and counterclaims necessitate a continuance of Moi's Chapter 13 Confirmation Hearing.

This frivolous adversary proceeding filed by Moi necessitates a continuance of the Chapter 13 confirmation set for October 7, 2010.

As Moi acknowledges in his complaint, the allegations and claims for relief relate to and affect the property of the estate. See, Dkt. 50 at 2. To the extent the objections have merit, and Kruger fully contests the same, those would go to increase the property of the bankruptcy estate. Morever, to the extent that his tort and other claims have merit, and Kruger fully contests the same, it would constitute an asset to the estate. On the other hand, the costs and fees that will be incurred in pursuing these baseless claims are presumably going be paid by the estate. They also expose Moi to sanctions and potentially other liability which will further drain the estate's assets.

For the foregoing reasons, and reasons set forth below, this Court should continue the confirmation hearing set for October 7, 2010, until the issues with regard to Moi's baseless adversary claims are resolved.

### B. The Debtor is Not Eligible for Chapter 13 Bankruptcy

As advised in Kruger's prior objection and motion to continue Moi's Chapter 13 bankruptcy confirmation, Moi is not eligible for bankruptcy under Chapter 13. See, Dkt. 37. It does not appear Moi has cured any of the deficiencies noted therein. Accordingly, the basis for Kruger's prior objections are reasserted and restated below.

### 1. Debtor Must List All Assets and Liabilities and File Plan in Good Faith

**Objection to Confirmation
and Motion to Continue- 4**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (citing 11 U.S.C. § 521(1)). It is also required that debtor's Chapter 13 Plan and petition be proposed in good faith. *See*, 11 U.S.C. § 1325(a)(3) and (7). Debtor has failed to list all of his assets and file his Plan and petition in good faith. For instance, Debtor has not listed the $214,903.56 judgment against him. *See*, **Exhibit 6** to Dkt. 38.

Debtor is not eligible for Chapter 13 bankruptcy. He did not accurately list his assets and debts or submit his plan in good faith.

### 2. The Debtor's Unsecured Nonpriority Claims Exceed Jurisdiction Limits

The Debtor is ineligible for Chapter 13 bankruptcy because the original filing indicates that he has unsecured debts above the jurisdictional limit pursuant to 11 USC § 109 (e). *See, Schedule F* attached as **Exhibit 2** to Dkt. 38. Specifically, he has debts in at least the amount of $942,776.95 in nonpriority unsecured claims. *Id.*

As noted by the trustee, a determination of Chapter 13 eligibility under § 109(e) is normally determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith. *Scovis v. Henrichsen*, 249 F.3d 975, 982 (9th Cir. 2001). Moreover, "ordinary events occurring subsequent to filing (e.g. paying down debt) do not affect the eligibility determination." *Id.* at 983. In addition, disputed debt is to be considered when calculating the total for eligibility purposes. *In re Nichols*, 184 BR 82 (9th Cir. BAP 1995).

As Debtor's original Schedule F indicates he has unsecured debts above the jurisdictional limit, Debtor is ineligible for Chapter 13 Bankruptcy.

### 3. The Debtor's Amended Schedules Were Not Filed In Good Faith

Debtor filed amended schedules with the obvious purpose of avoiding dismissal of his Chapter 13 case. *See, Amended Schedule F.* **Exhibit 7** to Dkt. 38. However, these amended schedules were not submitted in good faith. First, as noted above, there is no

**Objection to Confirmation
and Motion to Continue- 5**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

mention anywhere in the amended schedules of Kruger's $214,903.56 judgment. *See, Debtor's Amended and Original Schedules.* Moreover, there is simply no explanation for the approximately $850,000 worth of unsecured debts that suddenly disappeared. For example, the $157,000 personal loan from Chase bank is simply not listed. *Cf.* **Exhibit 7** (Amended Schedule F) to **Exhibit 2** (Original Schedule F) attached to Dkt. 38. His Chase credit card debt in the amount of $20,579 is also not listed. His debt from Aurora Loan Services ending in Account No. 0199 went from $449,643 to "Notice Only." The Dynamic Strat. Debt of $34,130 is similarly now "Notice Only." The Midland Credit Management claim for $22,420 is now "Notice Only."

It is clear that the debtor simply amended his schedule to avoid dismissal of his Chapter 13 petition. However, it is equally clear that his petition was not submitted in good faith and that his unsecured debts exceed the jurisdictional limit. 11 U.S.C. § 109 (e). Debtor also failed to list all of his debts.

In sum, Debtor is not eligible for Chapter 13 as he has unsecured debts which exceed the jurisdictional limit.

**4. The Debtor Does Not Have Income to Support Plan.**

Chapter 13 requires a Debtor to have an income to support funding of the plan and be able to make payments. *See,* 11 U.S.C. § 1325(a)(6) and (b)(1). Here, however, the Debtor does not appear to be a wage earner and does not meet this requirement. Rather, it appears that Debtor's stated current income is comprised of fabricated numbers.

Schedule I indicates that Debtor Moi earns $4500 in "casual labor" while his spouse earns $1,000 babysitting. *See, Schedule I* attached as **Exhibit 8** to *Dkt. No.* 38. However, pursuant to his statement of financial affairs, there is no income listed from employment in 2008 to 2010. *See, Excerpts of Statement of Financial Affairs,* attached as **Exhibit 9** to Dkt. 38. The Debtor's 2009 income consisted of selling assets in the amount of $19,080. His spouse apparently made $13,500 babysitting. In 2010, Debtor indicates as of the date of filing, May 20, 2010, that he made $5,000 selling assets; his spouse made $3,600

**Objection to Confirmation**
**and Motion to Continue- 6**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

babysitting. *Id.* Moreover, it appears that Debtor's apparent place of employment, Magnolia Remodel, ceased to operate in 2004. *See,* **Exhibit 10** to Dkt. 38.

The figures from Schedule I do not match up with the Debtor's stated income of $5,500 per month. Like the amended Schedule F, it is clear that debtor has fabricated these numbers to avoid dismissal of his Chapter 13 petition.

The Debtor does not qualify for Chapter 13 bankruptcy.

### C. Kruger Moves to Continue Confirmation Hearing

Kruger respectfully requests the Court grant a 60 day continuance of the confirmation hearing or until Moi's counterclaims against Barnes, Kruger, and Wathen are resolved.

### IV. CONCLUSION

For the foregoing reasons, Kruger objects to Debtor's Chapter 13 confirmation plan as Debtor does not qualify for Chapter 13. Kruger also moves this Court to continue the confirmation hearing for 60 days or until resolution of Moi's counterclaims against Barnes, Kruger, and Wathen.

DATED this 27th day of September 2010.

COLE, LETHER, WATHEN, LEID & HALL, P.C.

//S// Rick J Wathen
Rick J Wathen, WSBA #25539
Cole, Lether, Wathen, Leid & Hall, P.C.
1000 Second Ave. Suite 1300
Seattle, WA 98104
206-622-0494
E-mail: rwathen@clwlh.com

**Objection to Confirmation
and Motion to Continue- 7**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following participants:

| | |
|---|---|
| Marc Stern<br>Attorney at Law<br>1825 NW 65th Street<br>Seattle, WA 98117 | [ ] First Class Mail<br>[ ] Fax<br>[x] By CM/ECF |
| K Michael Fitzgerald<br>Bankruptcy Trustee<br>600 University St. #2200<br>Seattle, WA 98101<br>Tel: 206-624-5124 | [ ] First Class Mail<br>[ ] Fax<br>[x] By CM/ECF |

Dated this 27th day of September, 2010, at Seattle, Washington.

_____
Legal Assistant
Danielle Menillo

**Objection to Confirmation
and Motion to Continue- 8**
F:\FILES\Kruger, Doug 08291\Bankruptcy\Objection.Chapter.13.Second.wpd

COLE, LETHER, WATHEN, LEID & HALL, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494